UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07-MJ-374-01 |
| | : | |
| v. | : | Magistrate Judge Deborah A. Robinson |
| | : | |
| GROVER K. JARRELL, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this memorandum in aid of sentencing of defendant Grover K. Jarrell. Defendant pled guilty to failing to file federal and D.C. tax returns for tax year 2003, and agreed that he had failed to file for tax years 2002 through 2005. As is discussed below, the government requests that the Court imposes a sentence within the applicable Sentencing Guidelines range of 10-16 months in Zone C, but defers to the Court as to the length and type of Guidelines sentence, including any applicable fine, but requests that defendant be ordered to make arrangements to pay any outstanding back taxes and penalties.

### A. INTRODUCTION

The criminal tax laws are designed to protect the public interest in preserving the integrity of the nation's and the District's tax systems, and helping to preserve the funds needed for public services. Criminal tax prosecutions serve to punish the violator and promote respect for the tax laws. Beyond the deprivation of needed tax revenues to the nation's and the District's citizens and governments caused by tax scofflaws, weak enforcement of the tax laws erodes the public confidence in the tax system. Citizens will trust, accept and comply with the requirements of a tax system they believe operates fairly as to all, but not one that they do not believe does so. Although most citizens

dutifully and honestly pay their taxes, their morale and willingness to pay the taxes they owe is hurt by those who engage in cheating the system.

### B. FACTUAL BACKGROUND

On October 3, 2007, the government filed a two-count Information charging defendant, in Count One, with willful failure to file a return, in violation of 26 U.S.C. § 7203, and, in Count Two, with willful failure to make a return, in violation of 47 D.C. Code § 4103(a). Presentence Investigation Report ("PSR"), at p. 3, ¶ 1. On October 17, 2007, defendant pled guilty to the two counts in the Information. Id., ¶ 3. Sentencing is now set before the Court on June 2, 2008, at 11:00 a.m. Dkt. No. 10.

According to the statement of offense filed in this matter and the PSR, at pp. 3-4, ¶ 7, for Tax Years 2002 through 2005, defendant was a person who was required to file a personal tax return with the Internal Revenue Service and the District of Columbia Office of Tax and Revenue. During this period, defendant earned at least $175,098.36 in wages, as reported on Forms W-2 and 1099 filed with the Internal Revenue Service by third parties which paid funds to the defendant, and $19,584 in unemployment compensation. Defendant's wages were subject to federal and District of Columbia taxation and the unemployment compensation subject to federal taxation. Although the amount of income was subject to taxation, defendant failed to pay withholding taxes on the bulk of this income and failed to file any return for Tax Years 2002 through 2005. As defendant well knew, he was required under the law to submit a tax return to federal and local taxing authorities and to pay any tax due and owing. Nevertheless, defendant failed to submit any return for these years or to pay the full amount of the tax due.

Although the Information charges only Tax Year 2003, in the Statement of Offense defendant

admits as relevant conduct failing to file for Tax Years 2002 through 2005.  Also, pursuant to the plea agreement in this case, defendant "agree[d] to file federal and District of Columbia returns for tax years 2002, 2003, 2004, and 2005, and to make arrangements for full payment of whatever taxes are due and owing."  Plea Agreement, September 12, 2007, at p. 4, ¶ 6.  He also "agree[d] to cooperate with the Internal Revenue Service, the District of Columbia Office of Tax Revenue, and any other federal, state, or local taxing authority in determining and paying the amounts due."  Id.

### C. SENTENCING FACTORS

Title 18, United States Code, Section 3553(a), provides numerous factors that the Court shall consider in sentencing a defendant.  These factors are discussed below numbered as they are in Section 3553(a).

(1)  The Court should consider the nature and circumstances of the offense.  Here, the defendant knowingly failed to file both his federal and his District of Columbia tax returns for at least four years.

The Court should also consider the history and characteristics of the defendant.  In this matter, defendant has some arrests, but no known criminal convictions.  PSR, at pp. 5-6, ¶¶ 21-22, 25-28.  Accordingly, he is in Criminal History Category I.  Id., at p. 3, ¶ 4; at p. 5, ¶ 23.  Defendant has held a series of jobs in retail clothing and furniture, interspersed with periods of unemployment.  Id., at p. 9-12, ¶¶ 50-70.

(2)  The Court should also consider the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence; (c) to protect the pubic; and (d) to provide defendant with appropriate education or vocational training.  In this matter, as discussed above, the offense was

serious and requires adequate punishment. The sentence should also be of such a nature so as to deter others from engaging in similar conduct. Defendant, however, does not seen to need any additional educational or vocational training.

(3) The Court should consider the kinds of sentences available. The maximum term of imprisonment for these two offenses is a sentence of 1 year (Count One) and 180 days (Count Two), for a total maximum sentence of approximately 18 months, with a term of supervised release of not more than 1 year on Count One. PSR, at p. 15, ¶¶ 81, 84.

(4) The Court should also consider the sentencing range established by the United States Sentencing Guidelines ("USSG"). As to these Guidelines, the probation officer believes, and the parties concur, that the defendant's resulting Total Adjusted Offense Level for the offense is 12, his Criminal History category is I, and his USSG range for Count One is 10 to 16 months. PSR, at p. 5, ¶ 20, and p. 15, ¶ 82; Plea Agreement, at p. 3, ¶ 3D.[1] Because the applicable Guidelines range is in Zone C, defendant is not eligible for probation. PSR, at p. 16, ¶ 90. The minimum term of imprisonment may be satisfied by a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment. Id., at p. 15, ¶ 85. The total maximum fine is $30,000. Id., at p. 16, ¶ 93. The Special Assessment for Count One is $25 and the assessment for Count Two is $50 to $250. Id., at ¶¶ 94-95.

(5) The Court should consider any pertinent policy statement issued by the Sentencing Commission. The government is not aware of any pertinent statements beyond those captured in the

---

[1] The Superior Court Sentencing Guidelines do not apply to Count Two because it is an 180-day misdemeanor.

applicable Sentencing Guidelines range, which is discussed above.

(6)   Moreover, the Court should consider the need to avoid unwarranted sentencing disparities among defendants with similar records.  Here, a Guidelines sentence would help prevent such disparities between defendant and similar defendants.

(7)   Finally, the Court should consider the need to ensure that arrangements are made by defendant to file any delinquent returns and pay any outstanding back taxes and penalties.  PSR, at p. 15, ¶ 80; and p. 17, ¶ 98.  The government has raised with defendant, through his counsel, numerous concerns about returns that have not been filed by defendant and questions about the returns he has filed.[2]

### D. <u>RECOMMENDATION</u>

Criminal tax prosecutions play a vital role in our nation's and the District's tax structure because our system of self-reported tax liability depends upon citizens being assured that those who do not honestly report their income and pay their taxes will be appropriately punished.  Defendant here admitted failing to file both federal and District of Columbia taxes for the four tax years of 2002 through 2005.

Accordingly, the government requests that the Court impose on defendant a sentence within the Guidelines range of 10-16 months, but defers to the Court as to the actual length and type of Guidelines sentence within that range and applicable zone.  See <u>United States v. Gall</u>, ___ U.S. ___,

---

[2] At the time of defendant's guilty plea, the Court set sentencing more than six months later to give defendant time to file the tax returns he had not previously filed.  Despite that long period in which to accomplish these tasks, as of the date of filing of this pleading, defendant still has not filed some returns.  See, e.g., PSR, at p. 14, ¶ 76 ("no record that the defendant filed a tax return for years 1999 through 2002").  Defendant, through his attorney, has represented to the government that he will file these returns by the end of this week.

128 S.Ct. 586, 597 (2007) ("[i]f the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness"); United States v. Dorcely, 454 F.3d 366, 376 (D.C. Cir. 2006) ("a sentence within a properly calculated Guidelines range is entitled to a rebuttable presumption of reasonableness"); Plea Agreement, at p. 3, ¶ 4 ("[t]he parties agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all the factors set forth in Title 18, United States Code, Section 3553(a)"). This deference includes as to what amount of fine, if any, defendant should pay. See PSR, at p. 15, ¶ 80 (based on defendant's "present financial situation, he does not appear to have the ability to pay an immediate fine"). As stated above, defendant should be ordered to make arrangements to file any delinquent returns and pay any outstanding back taxes and penalties.

    Respectfully Submitted,

    JEFFREY A. TAYLOR
    UNITED STATES ATTORNEY
    D.C. Bar Number 498610

By:    / s / *Daniel P. Butler*

    DANIEL P. BUTLER
    D.C. Bar #417718
    Assistant U.S. Attorney
    555 4th Street, N.W., Room 5231
    Washington, D.C. 20530
    (202) 353-9431
    Daniel.Butler@usdoj.gov