**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No.  07-MJ-374-01** |
| | : | |
| **v.** | : | **Magistrate Judge Deborah A. Robinson** |
| | : | |
| **GROVER K. JARRELL,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MEMORANDUM IN AID OF SENTENCING (DKT. NO. 13)**

The United States of America, by and through its counsel, the United States Attorney for the

District of Columbia, hereby submits in the above-referenced matter this response to defendant

Grover K. Jarrell's memorandum in aid of sentencing and attachments.  Dkt. No. 13; Dkt. No. 13-2.

Defendant pled guilty to failing to file federal and D.C. tax returns for tax year 2003, and agreed that

he had failed to file federally and locally for tax years 2002 through 2005.  As is discussed in its

sentencing memorandum, the government requests that the Court imposes a sentence within the

applicable Sentencing Guidelines range of 10-16 months in Zone C, but defers to the Court as to the

length and type of Guidelines sentence, including any applicable fine, but requests that defendant

be ordered to make arrangements to pay any outstanding back taxes and penalties.[1]  Below, the

government addresses issues raised by defendant in his sentencing memorandum.

**A.  DISCUSSION**

**1.  Defendant's Companion**

In his memorandum in aid of sentencing, defendant raised several points about his live-in,

---

[1]  Defendant, in his memorandum, is requesting a sentence outside the Guidelines range, that is, of probation. Dkt. No. 13 at 11.  In the plea agreement, however, he "agree[d] that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all the factors set forth in Title 18, United States Code, Section 3553(a)."  Plea letter, September 12, 2007, at 3, ¶ 4.

disable, adult companion, either as an excuse for his behavior or in mitigation of it. Dkt. No. 13 at 7-8, 11; Dkt. 13-2. First, as noted in the Presentence Investigation Report (PSR), at p. 7, and defendant's exhibit, Dkt. No. 13-2, at p. 1, defendant met his companion in approximately 2004 and his companion's accident occurred shortly thereafter. Defendant's criminal conduct in this matter, however, began long before meeting his companion.

Defendant also contends that "[h]e is the sole caretaker for this gentleman[.]" Dkt. No. 13, at 8. The PSR, however, shows that defendant's companion "has limited ability to walk," "is under the care of a nurse" and is "the recipient of some financial benefit." PSR, at 7, ¶ 34. Therefore, it appears defendant is not the sole caretaker or financial support.

Defendant also contends that the amount of tax liability may be overstated. Dkt. No. 13, at 11. The amount of the tax liability, however, is the dollar amount to which defendant agreed in the plea agreement. Nevertheless, defendant's assertion seems to be centered on whether he can claim his adult companion as a dependent. See Dkt. No. 13, at 11. This is a point of contention between the parties that has not yet been resolved.

### 2. **Defendant's Community Activities**

Defendant argues that his community involvement also mitigate in his favor. Dkt. No. 13, at 7-8; Dkt. 13-2 at 3. It is the government's understanding that defendant is a former Advisory Neighborhood Commission member and he was 2006 primary candidate for Council of the District of Columbia for Ward 6. One should expect that someone who is or seeks to be a community leader and role model should himself be abiding by the laws, not violating them year after year at tax time.

### 3. **Defendant's Motive**

Defendant also argues "that there is no evidence to suggest that [he] was he was motivated

by greed or any belief that he should not be required to pay any taxes." Dkt. No. 13 at 8. Actually, defendant appears to have failed to file federal and local tax returns for tax years 1999 through 2007. See, e.g., Dkt. No. 14 at 2-3, 5 n.2. This conduct clearly suggests that defendant was motivated by greed and a belief that he should not be required to pay taxes.

### 4. Defendant's Age and Possibility of Recidivism

Further, defendant argues that, because he "is an older man" with no prior convictions, he is unlikely to recidivate. Dkt. No. 13 at 8-9. Defendant, who is 52 years old, is not elderly, and his age has little or no impact on his ability to commit this type of crime.[2] Second, defendant consistent failure to file federal and local taxes show that he is strongly predisposed not to comply with those tax laws. See generally United States v. Cusack, 66 F. Supp. 2d 493, 517 (S.D.N.Y. 1999( "[t]he defendant's total disregard for injuries risked or imposed on others indicates a strong likelihood of recidivism. To the extent one is able to predict future behavior based on the offense of conviction and the light that sheds on the defendant's character, it is the Court's judgment that the defendant will likely seize any opportunity presented in the future to engage in fraudulent activity to enrich himself"), aff'd, 229 F.3d 344 (2nd Cir. 2000).[3]

## B. CONCLUSION

For the reasons stated in its initial memorandum in aid of sentencing, as well as herein, the government requests that the Court impose on defendant a sentence within the Guidelines range of

---

[2] The cases cited by defendant are distinguishable in that they involved "street" crimes, i.e., distribution of drugs (Simon, Carmona-Rodriguez) or dealing in firearms (Lucania), or involved a much older man with deteriorating health (Wadena). Dkt. No. 13, at 9.

[3] Defendant also argues that "defendants without any prior contact with the criminal justice system are unlikely to recidivate." Dkt. No. 13 at 11. As noted in the PSR, at pages 5-6, this is not defendant's only contact with the criminal justice system as a defendant.

3

10-16 months, but defers to the Court as to the actual length and type of Guidelines sentence within

that range and applicable zone. As stated previously, defendant also should be ordered to make

arrangements to file any delinquent returns and pay any outstanding back taxes and penalties.

Respectfully Submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar Number 498610

By:    / s  / *Daniel P. Butler*

_____
DANIEL P. BUTLER
D.C. Bar #417718
Assistant U.S. Attorney
555 4th Street, N.W., Room 5231
Washington, D.C. 20530
(202) 353-9431
Daniel.Butler@usdoj.gov