UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 07-MJ-374-01 |
| | : | |
| v. | : | Magistrate Judge Deborah A. Robinson |
| | : | |
| GROVER K. JARRELL, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S SUPPLEMENT TO ITS MEMORANDA
### IN AID OF SENTENCING (DKT. NOS. 14 AND 15)

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby submits in the above-referenced matter this supplement to its prior memorandum in aid of sentencing, Dkt. No. 14, and its response to defendant's memorandum in aid of sentencing, Dkt. No. 15. Defendant pled guilty to failing to file federal and D.C. tax returns for tax year 2003, and agreed that he had failed to file federally and locally for tax years 2002 through 2005. As is discussed in its sentencing memorandum, the government requests that the Court imposes a prison sentence within the applicable Sentencing Guidelines range of 10-16 months in Zone C, but defers to the Court as to the length and type of Guidelines sentence, including any applicable fine, but requests that defendant be ordered to make arrangements to pay any outstanding back taxes, penalties and interest.

At the last court appearance on July 1, 2008, defendant's sentencing was delayed so as to give defendant time to work out payment plans for what he owes the Internal Revenue Service (IRS) and DC Office of Tax and Revenue (OTR). This pleading is being filed to update the Court on the status of those efforts.

### A. DISCUSSION

Defendant pled guilty in this case on October 17, 2007. Pursuant to the plea agreement, he

"agree[d] to file federal and District of Columbia returns for tax years 2002, 2003, 2004, and 2005, and to make arrangements for full payment of whatever taxes are due and owing. [Defendant] agree[d] to cooperate with the Internal Revenue Service, the District of Columbia Office of Tax and Revenue, and any other federal, state, or local taxing authority in determining and paying the amounts due."

On approximately May 30, 2008, and June 24, 2008, defendant filed delinquent tax returns with IRS and OTR, respectively, for 2001 through 2007. There is an unresolved dispute between the parties as to whether defendant can claim on those returns his adult male companion as a dependent.[1] That dispute effects the calculation of the tax owing.[2]

Nevertheless, both IRS and OTR have attempted to work with defendant to calculate what he owes in back taxes, penalties and interest, e.g., entering the returns in the computer system, assigning a Revenue Officer to do the appropriate work up, communicating with defendant as to what was needed from him, and to come up with a payment plan for what he owes IRS and OTR.

---

[1] The IRS agent has informed the undersigned attorney for the government that IRS disagrees that the companion is a dependent because the companion fails the tests for support, qualifying relative and age. All three tests have to be met. Furthermore, court records indicate that defendant was removed as guardian during most of the time period covered by this investigation. The absence of an assignment from an authorizing local agency placing the companion with defendant also precludes defendant from claiming head of household filing status. Finally, according to Jarrell's statement to the IRS, his companion is not a U.S. citizen which would also negate the possibility of dependency.

[2] The difference on the tax owing to the IRS for tax years 2001-2005 is $41,354.82 (tax loss per year: 2001 – $4,694.07; 2002 $9,297.37; 2003 – $12,013.48; 2004 – $7,417.34; 2005 – $7,032.56) without the companion as a dependent and $27,263 with the companion listed as a dependent. (The tax loss for 2006-2007 without the companion listed as a dependent is $3,217 and $4,457, respectively). The difference on tax owing to OTR is less, that is, $35,877.04 (tax loss per your: 2001 – $7,295.75; 2002 – $7,288.75; 2003 – $6,744.50; 2004 – $4,233.74; 2005 – $4,488.75; 2006 – $4,2,988.75; 2007 – $2,836.80) without the companion as a dependent and $34,596.44 with the companion listed as a dependent.

The agents have advised the undersigned attorney, however, that defendant's participation in the process has been less than fully cooperative and he claims he does not have the money to pay regardless.[3] Neither IRS nor OTR will set up a payment plan where there is no realistic probability of meeting the debt owed within 5 years.[4] Accordingly, the parties have not worked out payment plans as of this date. It appears that the Court should proceed to sentencing while the parties continue to try to work out these plans.[5]

### B. CONCLUSION

Resolution of this matter is complicated by the fact that defendant failed to file returns for so many years when he was required to do so.[6] That is, this difficult situation was created by defendant's own actions over a long period of time.

For the reasons stated in its initial memorandum in aid of sentencing, the government's

---

[3] The OTR agent advised the undersigned attorney for the government that defendant got upset with the Revenue Officer when she inquired whether he could get a loan to make the payments. Defendant told the Revenue Officer he did not want to deal with her but, instead, wanted to talk with her supervisor, which he did. The OTR employees brought to the agents the PA-1 form (financial statement) that defendant provided to OTR. It lacked completeness as to Section II and Section III contained no information at all. Defendant also listed the address for his last employer as 8181 New York Avenue, when the correct address was 1818 New York Avenue. The IRS agent informed the undersigned that defendant apparently voluntarily quit his most recent job, thus placing him in a position where it is more difficult for him to pay what he owes.

[4] Defendant reportedly suggested payments to the IRS of $150 per month. This is not a realistic amount based on what is owed by defendant.

[5] The Revenue Officers requested that defendant, as part of his sentencing, be Ordered to sign a waiver of the civil statute of limitations. Such a waiver will assist the process by which the taxing authorities will attempt collection of the amounts owed after sentencing.

[6] Beyond defendant failing to file, he often took a large number of federal and D.C. exemptions at his place of employment, thus increasing the amount of tax owing. By way of example, even when defendant knew he was under investigation, he was claiming six federal exemptions and five District exemptions at the job he worked.

response to defendant's memorandum in aid of sentencing, as well as herein, the government requests that the Court impose on defendant a prison sentence within the Guidelines range of 10-16 months in Zone C, but defers to the Court as to the actual length and type of Guidelines sentence within that range and applicable zone. As stated previously, defendant also should be ordered to make arrangements to file any delinquent returns and pay any outstanding back taxes, penalties and interest.

        Respectfully Submitted,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY
        D.C. Bar Number 498610

By:   / s / *Daniel P. Butler*

        DANIEL P. BUTLER
        D.C. Bar #417718
        Assistant U.S. Attorney
        555 4th Street, N.W., Room 5231
        Washington, D.C. 20530
        (202) 353-9431
        Daniel.Butler@usdoj.gov