UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                      ) | Crim. No. 07-374M (DAR) |
| ) | |
| GROVER K. JARRELL       ) | |
| _____) | |

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SUPPLEMENT
TO ITS MEMORANDA IN AID OF SENTENCING**

The defendant, through counsel, submits this abbreviated response to the government's supplement to its memoranda in aid of sentencing filed yesterday evening,[1] with the intention of responding more fully at the beginning of the hearing tomorrow if the Court believes it necessary.

Although the government reiterates its standard request for a sentence within the guidelines, it does not proffer any new explanation as to why a sentence of incarceration is necessary to meet any of the statutory purposes of sentencing.  Thus, Counsel will rely in large measure on all of the reasons stated in Defendant's Memorandum in Aid of Sentencing filed previously for his request that the Court sentence him to a period of probation.

However, several points raised in the government's most recent filing merit further reply.  First, the suggestion that Mr. Jarrell has not been cooperative with the D.C. OTR and the IRS is unfounded.  Mr. Jarrell has meet with the people responsible for arranging repayment in the IRS.  In fact, because Counsel's schedule conflicted, Mr. Jarrell met without counsel so as not to delay.  This was done with the understanding that the meeting would involve

---

[1] The government filed this supplemental memoranda after 4:30 p.m. on the eve of sentencing.  Counsel did not have the opportunity to review the pleading before leaving for the day, but did so last night.  Counsel intended to respond orally, but when checking her messages late last night, received the Court's message asking for a written response by this morning. Counsel immediately endeavored to meet the Court's request.

the individuals responsible for setting a payment schedule, not the agents responsible for investigating Mr. Jarrell. Nevertheless, despite the fact that Agent Smith was present and Mr. Jarrell was without counsel, he met and freely explained his situation. It is counsel's understanding that during that meeting, an IRS employee proposed the $150 monthly payment and indicated she would have to get approval from a supervisor for the plan. That was the last Mr. Jarrell heard from the IRS. He met also with OTR and provided the forms he had been given to complete. The person he was dealing with never indicated there was information missing from the form. She reviewed it and indicated she would get back to him with a payment plan. On Friday, Counsel was notified by Mr. Butler, in response to counsel's email advising Mr. Butler that Mr. Jarrell had yet to hear from OTR, that his information was incomplete. Mr. Jarrell then contacted OTR to attempt to provide any additional information needed.

   Mr. Butler is accurate in describing Mr. Jarrell's frustration when asked to attempt to secure a bank loan to pay his taxes – an unemployed individual who has no assets understandably believed this to be an unnecessary bureaucratic step that would be entirely futile. He understood that he was not being asked whether he could secure a loan, but was being advised that he had to go to a bank to request a loan and be rejected.

   Mr. Butler also points once again to a dispute over whether Mr. Jarrell is entitled to claim as a tax dependant someone who is clearly a dependant in fact. Mr. Jarrell obtained the advice and assistance from two separate tax preparers who advised him he was entitled to the deduction. Additionally, when he was advised by the IRS agent to contact the IRS help desk for assistance, he did so and was similarly advised that he was entitled to the deduction.[2] Thus, he

---

[2]  Mr. Jarrell was asked a number of questions by an IRS specialist at the help desk. He recalls being asked whether his brain injured companion was a citizen, and he responded truthfully that he was not. He gave them information about when he arrived in this country, when the accident occurred that left him brain-injured, and the dates he was living with Mr.

has acted in good faith in claiming the deduction. If the IRS now believes the advice he got was incorrect, this is something that can be resolved – it is not part of this criminal case.

The government correctly cites the language in the plea agreement regarding the defendant's obligation to file his taxes and make arrangements to pay the IRS and OTR any taxes owed. However, it was never counsel's understanding, nor does the language state, that he was required to do so prior to sentencing. Nevertheless, Mr. Jarrell endeavored to comply prior to sentencing. He filed his federal and D.C. taxes for not just the required years, but for 2001 through 2007. He has met with the appropriate agencies to try to work out a payment plan. He has answered all questions posed to the best of his ability and will continue to do so. To that end, we do not disagree with the government's suggestion that it would be appropriate to proceed to sentencing with instructions to Mr. Jarrell that as a condition of probation or supervised release he continue to cooperate with the IRS.

As the Court is well aware, many individuals come through this Court every year who owe significant restitution. However, we do not have a debtor's prison. People are not to be incarcerated simply because they cannot afford to pay. Mr. Jarrell will gladly pay whatever he can reasonably pay. If he owed restitution, the probation office would likely direct him to pay $50 a month until he secures employment. Because this is an IRS debt rather than restitution, he is at the whim of the IRS and OTR rather than under the jurisdiction of the Probation Office. Nevertheless, the same principles ought to apply. He has indicated a willingness to pay $150 a month and to increase this as soon as he is employed. This should be seen for what it is – a sincere effort to comply rather than a shirking of his responsibilities.

---

Jarrell under his care. He was led to believe that his formal guardianship through the Court was not a key issue and he was not asked for details about that appointment. When Agent Smith asked for the court document appointing him guardian, he provided it. He has been completely transparent about this situation.

Mr. Jarrell is currently unable to make significant payment to the IRS. Contrary to the government's assertion, Mr. Jarrell did not voluntarily leave his last employment and certainly not to avoid paying taxes. He understands how much better he would be served in this proceeding if he were employed. To that end, he has been actively seeking employment since his termination, submitting his resume and posting his availability to dozens of jobs. Indeed, he believes he lost the opportunity for at least one job because of this conviction.

For all of the reasons stated in our earlier filing, the public interest will be better served by Mr. Jarrell remaining in the community, and seeking and obtaining gainful employment so as to pay his back taxes. If the Court believes that additional deterrence or punishment is needed, we submit that a period of home detention with electronic monitoring or community service would be appropriate rather than incarceration.

For all of the reasons stated herein and in the Defendant's initial Memorandum in Aid of Sentencing, we urge the Court to sentence Mr. Jarrell to a period of probation, with a special condition that he perform community service and continue to cooperate with the IRS.

Respectfully Submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/S/_____
Michelle Peterson
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500